BROWN *v.* STATE.

Crim. 3853

Opinion delivered November 6, 1933.

*Tom Kahoa,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

KIRBY, J., (after stating the facts). The sufficiency of the evidence to sustain the verdict is challenged here.

Certain harness, definitely described, was stolen from the ice company at Fayetteville. It answered the description of the harness offered for sale by appellant to two different people in Oklahoma, appellant contending that the harness offered for sale belonged to Jim Smith, and was taken on the trip by them to Joplin for sale, and later returned and left at Smith's home. Smith and his son, witnesses for appellant, were shown to have been convicted of accessory after the fact of grand larceny, and appellant himself had twice been convicted of grand larceny.

Appellant's explanation of his possession of the property offered for sale is very unsatisfactory, and he admitted offering harness for sale shortly after the harness was stolen from the ice company, the description of which closely resembles that stolen from the ice company, but no witness who had seen the harness that belonged to the ice company had examined that offered for sale by appellant. Treating the identification from description as sufficient to warrant the belief that it was the same property, no error was committed in telling the jury that the inference arising from the possession of property recently stolen could be considered by them, it being a question whether the property was in the possession of appellant when discovered.

The evidence is sufficient to support the verdict. It is doubtful from the record whether the court failed and refused to give an instruction on circumstantial evidence, no such instruction being requested that would warrant this objection as an assignment of error in the motion for a new trial. *Lowmack* v. *State,* 178 Ark. 928, 12 S. W. (2d) 909.

Moreover, the court gave correct instructions upon the credibility of witnesses, the weight to be given to the testimony, the presumption of innocence and reasonable doubt, and could have refused to give the instruction on circumstantial evidence without committing error. *Taylor* v. *State, ante* p. 8.

We find no error in the record, and the judgment is affirmed.